Eastern District of Kentucky
FILED
FEB 24 2023
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 22-105-DCR

UNITED STATES OF AMERICA                                                         PLAINTIFF

V.                                      **PLEA AGREEMENT**

DONALD EUGENE CAUDY, III                                                         DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. The United States will move the Court to dismiss the remaining counts of the Indictment at the time of sentencing.

2. The essential elements of 18 U.S.C. § 2251(a) are:

   (a) The Defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

   (b) The Defendant knew that the visual depiction(s) he persuaded, induced, enticed and coerced the minor victim to create were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, or that such visual depictions would be transmitted using a means or facility of interstate commerce.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) In or about May 2022, the Michigan State Police were conducting an investigation into an individual from Michigan suspected to be involved crimes involving the possession of Child Sexual Abuse Material (CSAM). While reviewing a TextNow search warrant return in the case, law enforcement discovered multiple sexually explicit images of the same child and chat messages involving graphic discussion of the sexual assault of children. The images and chats involved someone using an identified phone number.

(b) An investigation into the user of the phone number led law enforcement to suspect the person responsible for sending the images and engaging in the graphic chats was the Defendant, who resided in Madison County, Kentucky. A lead was subsequently sent to the Kentucky State Police, who obtained a search warrant for the Defendant's residence.

(c) During execution of the warrant, law enforcement seized the Defendant's Samsung cellular phone and an Alienware Laptop. During a forensic examination of these devices, multiple sexually explicit images of a four-year-old female were discovered. The images were the same images that had been distributed to the suspect in Michigan. The Defendant admits that he produced these images on multiple occasions at his home in Madison County, Kentucky, when the child was in his care, custody, and control.

(d) The Defendant admits that, on or about the dates alleged in the Indictment, he knowingly used the four-year-old female victim to engage in sexually explicit conduct for the purpose of producing visual depictions of the sexually explicit conduct. Finally, the Defendant admits that the images were produced using his Samsung mobile phone camera that had been produced outside of Kentucky and, therefore, had traveled in interstate commerce prior to being used to produce the sexually explicit images in the Eastern District of Kentucky.

(e) In addition to the sexually explicit images produced by the Defendant, additional sexually explicit images of minors were also discovered. Several of these images were received by the Defendant from the suspect in Michigan. Other images were obtained by the Defendant via the internet. These images appear to have been obtained via the internet and were located both on his Samsung cellular phone and on his Alienware laptop.

4. The statutory punishment for the offense is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and up to life. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 (which includes the offense to which the Defendant is pleading guilty). The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid. Moreover, the Defendant acknowledges that, pursuant to 18 U.S.C. §2259A, an assessment per count of no more than $50,000 may apply to any person convicted of a child pornography production offense. Also, mandatory restitution under 18 U.S.C. § 2259 that is not less than $3,000.00 per victim may be applied.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

>   (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range. The U.S.S.G., August 1, 2021, manual guidelines are as follows:
>
>   (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all information contained in paragraph 3 above and that was provided to the Defendant during discovery, including all images of child sexual exploitation the Defendant possessed, received, distributed, or transported in interstate commerce.

(c) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

(d) Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), increase the offense level by 4 levels because the offense involved a minor who had not attained the age of 12.

(e) Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), increase the offense level by 2 levels because the offense involved the commission of a sexual act or sexual contact.

(f) Pursuant to U.S.S.G. § 2G2.1(b)(3), increase the offense level by 2 levels because the Defendant knowingly engaged in distribution.

(g) Pursuant to U.S.S.G. § 2G2.1(b)(5), increase the offense level by 2 levels because the Defendant was a parent, relative, or legal guardian of the minor, or the minor was otherwise in the custody, care or supervisory control of the Defendant.

(h) Pursuant to U.S.S.G. § 4B1.5(b), add 5 levels to the offense level because the defendant engaged in a pattern of activity involving prohibited sexual conduct.

(i) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(j) Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing or at a separate restitution hearing. The Defendant agrees that any identified minor depicted in child sexual exploitation material produced, possessed, distributed, or received by the Defendant will be entitled to restitution pursuant to this Plea Agreement and will have all rights conferred to victims, including allocution, even if they are not victims of the counts of conviction in this matter.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

4

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant will forfeit to the United States all interest in any property that was used to commit or promote the commission of the offense, and will execute any documents necessary for this forfeiture. Specifically the Defendant will forfeit his interest in the property listed in the forfeiture allegation of the indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that the United States could prove that a nexus exists between the property and the offense.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of the execution of this plea agreement, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from

the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such

sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 2/24/23   By: _____
Erin M. Roth
Assistant United States Attorney

Date: 02/24/23   _____
Donald Eugene Caudy, III
Defendant

Date: 2/24/23   _____
Patrick Nash
Attorney for Defendant

8