UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CASE NO. 22-105-DCR

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.               **UNITED STATES' SENTENCING MEMORANDUM**

DONALD EUGENE CAUDY, III                                                              DEFENDANT

\* \* \* \* \*

The Defendant pleaded guilty to using a four-year-old girl to create numerous sexually explicit images, in violation of 18 U.S.C. § 2251(a). [R. 31: Plea Agreement at ¶ 3.] The Presentence Report calculates that the Defendant's guideline range of imprisonment is life. [PSR ¶ 49.] However, the statutory maximum for the Defendant's crime is 360 months imprisonment; therefore, the applicable guideline range is 360 months of imprisonment. *Id*. For the reasons set forth below, a guideline sentence of 360 months is sufficient, but not greater than necessary, to achieve the sentencing objectives of 18 U.S.C. §3553(a).

A substantial sentence is necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). In this case, Caudy pleaded guilty to producing sexually explicit images of a victim in his care. Caudy also admitted to sexually assaulting the victim in ways

1

even more significant than what is pictured in the images. While the creation of child sexual abuse material is always horrific, the added betrayal and abuse of trust caused by the relationship between Caudy and his victim heightens the seriousness of the offense. The victim will live with the impact of this crime for the remainder of her life. In addition to the lifelong impact the victim will suffer because of the abuse by Caudy, the impact may be even more significant because Caudy distributed the images he created of the abuse. As a result, the child sexual abuse images may live forever on the internet. *See New York v. Ferber*, 458 U.S. 747, n.10 (1982) ("Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place.) While there is no current evidence that the images were further distributed by the individual to whom they were sent, only time will reveal the true extent of the potential distribution. Certainly, Caudy had no knowledge of what would happen with the images once they left his possession and control.

  The effects of Caudy's crimes are not limited to the victim of the offense of conviction. The mother of his victim, who believed Caudy was a safe person to care for her child, will forever grapple with the effects of such a devastating betrayal. In addition, the victims whose images he received via the internet will continue to suffer the effects of knowing that images of their abuse are being used for the sexual gratification of individuals like Caudy. Moreover, there is a societal harm caused by Caudy's conduct. "As victimized children reach adulthood, they often struggle to develop healthy relationships, and to find their place in society. In this way, their burdens are shared by all." *United States v. Faulkner*, 926 F.3d 266, 272 (6th Cir. 2019) (citations omitted).

A substantial sentence is also required to "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). While Caudy does not have a significant criminal history, the ongoing nature of Caudy's conduct demonstrates a sustained sexual interest in children. This, combined with his willingness to act on that interest and betray those closest to him demonstrates the danger Caudy poses to children and to others.

A substantial sentence is also needed "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). A sentence of imprisonment of 360 months would be a clear warning to others considering similar conduct. "General deterrence is crucial in the child pornography context." *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010). Although producers, traders and collectors of child sexual abuse material may have a compulsion for this material, they may still be deterred by law enforcement. Learning of Caudy's substantial sentence will perhaps reduce the abuse of children by others in this district who would consider producing, receiving, possessing and trading such material. *See United States v. Widmer*, 511 F. App'x 506, 511-12 (6th Cir. 2013) ("sentence was necessary to send a signal to would-be offenders that receipt of child pornography carries significant consequences").

Finally, any sentence should consider the need for "restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). The representative for the victim in this case and Caudy have reached an agreed proposed restitution amount of $5000. This amount reflects a good faith effort to predict the future counseling costs of the victim. Although the victim's current counseling expenses are paid by insurance, both parties agree it is likely the need for counseling for the victim will extend into adulthood and that she is

entitled to restitution for this future expenses. Moreover, one victim of images that were possessed, received, or distributed by Caudy via the internet has submitted a request for restitution not less than $3,000. This victim is entitled to restitution pursuant to the Defendant's plea agreement and the requests should be imposed at the time of sentencing. [See R. 31: Plea Agreement ¶ 5(j).]

## **CONCLUSION**

The United States respectfully requests the Court to impose a guideline sentence of 360 months imprisonment, to be followed by at least twenty years of supervised release.

Respectfully Submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

By:   s/ Erin M. Roth
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 685-4872
Erin.Roth@usdoj.gov

## CERTIFICATE OF SERVICE

On May 19, 2023, I electronically filed this document through the ECF system, which will send notice of electronic filing to all counsel of record.

                                                    s/ Erin M. Roth
                                                    Assistant United States Attorney