UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL CASE NO: 22-CR-00105-DCR-MAS

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.

DONALD EUGENE CAUDY III                                                       DEFENDANT

## DEFENDANT'S SENTENCING MEMORANDUM

Comes the Defendant, Donald Caudy, by and through undersigned counsel, and respectfully submits this sentencing memorandum in support of his request for a below-guidelines sentence. This memorandum is submitted pursuant to 18 U.S.C § 3553(a), which directs the Court to consider the history and characteristics of the Defendant and the nature and circumstances of the offense, among other factors, in order to fashion a sentence that is sufficient, but not greater than necessary to comply with the goals set forth in the statute. As is set forth in more detail below, Donald humbly and respectfully suggests that a sentence below the guideline range would be sufficient, but not greater than necessary, considering his background and lack of prior criminal history, among other salient factors.

Donald was born in 1979 to Mary and Donald Caudy, Jr., in Columbus, Ohio. Donald had a more difficult childhood than many –Donald's father was an alcoholic, and he was physically abusive to Donald and his mother, as well as sexually abusive to Donald and his three sisters. Donald recalls many times as a child being woken up in the night by his father, reeking of alcohol,

to suffer his abuse. Donald was both the target of his father's abuse and a witness to its infliction on his siblings. He recalls suffering a broken nose and requiring stitches as the result of his father's beatings. Donald also had a difficult relationship with his mother, who struggled with opioid addiction during Donald's childhood and beyond. Despite reporting his abuse to state workers, Donald recalls that no action was ever taken. Eventually, in 2001 after Donald had left the home, his father was convicted in Franklin County, Ohio of multiple counts of sexual battery, gross sexual imposition, and rape and ultimately sentenced to 14 years' incarceration. As an adult, Donald reports no longer having any meaningful relationship with most of the members of his family; he no longer has any contact with his father, and his mother passed away in 2021. He reports having the best relationship with his youngest sister, Jessica, with whom he still has occasional contact.

Outside of the home, school was also difficult for Donald. He recalls instances of bullying and generally feeling like an outsider. Nevertheless, he was active in the Boy Scouts as a teenager, attaining the rank of Eagle Scout, and he successfully completed high school, graduating from Columbus East High School in 1998 with the goal of joining the military. Donald joined the U.S. Air Force in 1999 and briefly served at Keesler Air Force Base in Biloxi, Mississippi. Less than a year later, though, Donald reports that he was honorably discharged in 2000 due to mental health issues. He believes he was diagnosed at this time with a personality disorder, type unspecified; Donald's military medical records were requested by counsel in November of 2022 but have not been received as of the time of this writing. Donald has never received any significant treatment for his mental health issues, either in the form of therapy/counseling services or medications. Donald reports having attempted to commit suicide four times throughout his life, beginning with an attempt to shoot himself when he was only 13 years old, and most recently attempting to asphyxiate himself while incarcerated following his arrest in the instant case.

Donald has also suffered from physical health difficulties. Most notably, he was diagnosed with transverse myelitis in 2014, a nervous-system condition which affects feeling and motor function in the extremities. At one point in 2016, Donald reports that he was briefly rendered functionally quadriplegic. Thankfully, treatment by medication alleviated his most severe symptoms. However, he reports that his grip, balance, and coordination continue to be negatively impacted by this condition. Donald's medical records indicate the presence of a lesion on his spine that, while evidently not currently growing based on the most recent scans, will continue to cause him problems down the road. He most recently experienced a flare-up of this condition while incarcerated in the present case, which has limited his ability to use his right arm and leg.

Despite the difficulties Donald has experienced, he has striven to be a hard-working person. After his discharge from the military, Donald began his career as a truck driver. He has driven in a variety of capacities, having obtained his CDL in 1999 and since worked as both a long haul and short haul truck driver off and on for most of his life. Donald has also worked as a mechanic servicing trucks and other types of heavy equipment, and he taught himself carpentry and HVAC skills. Indeed, Donald has worked at many different types of jobs and acquired a wide variety of skills – he has worked in construction, as a taxi driver, has operated many types of heavy equipment including dump trucks, bulldozers, and concrete pumps, and for a time he ran his own business as an auto-mechanic.

Donald cannot explain why he committed the instant offenses. Prior to this incident, Donald's only prior conviction was for disorderly conduct in 2008, for which he served 4 days in jail; his PSR reflects a total criminal history score of zero. Donald does not understand how he could have allowed himself to commit the instant offenses, but he desperately wants to understand how he can make sure nothing like this could ever happen again. From the beginning of this case,

Donald has acknowledged struggling with mental health issues and has shown a clear desire to address his problems. He has taken every opportunity to meet with the psychiatric staff made available to him while incarcerated, and he has expressed a desire to participate in mental health treatment and programming following his sentencing in this case. While there can be no excuse for his behavior, it is worth noting that Donald's conduct was undoubtedly in many ways a product of the behavior modeled for and inflicted upon him from a young age by his father. Sadly, it seems that many individuals that commit offenses like Donald's have themselves been victims of childhood abuse. Donald deeply regrets that he has perpetuated this cycle of abuse on his daughter, and he wishes only to express his profound remorse for the mental and emotional harm that his actions have caused her and will continue to cause her down the road. He fully recognizes the wrongfulness of his actions, has accepted responsibility for them, and is prepared to serve a lengthy term of imprisonment.

The guideline term of imprisonment for Donald is 360 months. There is a distinct possibility that a thirty-year sentence would, for Donald, represent a life sentence. However, some hope of rehabilitation and a chance to return to society would create an incentive for Donald to keep living and strive to better himself during his period of incarceration. Further, this Court could impose a lifetime period of supervised release, which would ensure that Donald is subject to stringent supervision and safeguards which would minimize any chance of recidivism. While the offense conduct here is indisputably very serious, a below-guidelines sentence could still ensure that Donald will be incarcerated for the better part of the remainder of his life, while leaving open the possibility of rehabilitation and some measure of redemption.

Based upon all the foregoing, Donald humbly and contritely submits that a below-guidelines sentence would not unduly depreciate the seriousness of the offense but would, rather,

still embody a significant sanction while giving him the opportunity to one day return to society a reformed individual. He respectfully requests, therefore, that the Court impose a sentence below the guideline range that is not greater than necessary to serve the ends of justice.

Respectfully submitted,

/s/ ALEX STEWART

NASH•MARSHALL, PLLC
129 West Short Street
Lexington, Kentucky 40507
Telephone: (859) 254-3232
Fax: (859) 225-4746
astewart@nashmarshall.com
ATTORNEY FOR DEFENDANT;

And

/s/ PATRICK F. NASH

NASH•MARSHALL, PLLC
129 West Short Street
Lexington, Kentucky 40507
Telephone: (859) 254-3232
Fax: (859) 225-4746
pfnash@nashmarshall.com
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2023, I filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ ALEX STEWART